JEFFREY K. GARFINKLE (SBN 153496)
BUCHALTER NEMER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182
Email:  jgarfinkle@buchalter.com

Attorneys for Movants
RONALD N. TUTOR and LIBRARY ASSET
ACQUISITION COMPANY, LTD.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Thinkfilm LLC,<br><br>           Alleged Debtor. | Case No.  2:10-bk-19912-BR<br><br>Chapter: 11<br><br>**RONALD L. TUTOR AND LAAC'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>[Notice Of Filing Oppositions Concurrently Under Separate Covers filed in 2:10-bk-19924-BR]<br><br>**HEARING**<br><br>Date:     July 20, 2010<br>Time:     10:00 a.m.<br>Place:    Crtrm. 1668<br>             255 E. Temple St. 90012<br>Judge:    Russell |

BN 6574180v1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**RONALD TUTOR AND LAAC'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
CONCERNING 2004 EXAMINATION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

## I.     INTRODUCTION

Interim Chapter 11 Trustee, Ronald L. Durkin's ("Interim Trustee") opposition to Ronald N. Tutor's ("Tutor") motion for protective order (the "Motion") highlights the essential underlying disagreement between the Interim Trustee and Tutor: What is the scope of the Interim Trustee's current investigative duty?

In this involuntary bankruptcy case, the Court must decide whether the Interim Trustee is allowed to spend time and money investigating pre-petition transfers. The only issue currently before the Court is the involuntary petition, and there is nothing relevant in resolving the involuntary petition to be found in the pre-petition transactions that the Interim Trustee claims that he needs to investigate. In fact, the Interim Trustee never even attempts to justify how his purported investigation would be relevant to protecting the Alleged Debtors' assets or a decision by the Court in this case.

An interim trustee appointed under Section 303(g) is supposed to "preserved the property of the estate or to prevent loss of the estate." Before an order for relief, the estate is limited to the property at the time the involuntary petition is filed, and the Interim Trustee's role is to protect those assets of the Alleged Debtors that existed at the time the petition is filed.

All of the Interim Trustee's arguments in support of the examination of Tutor proceed from the assumption that the Interim Trust must investigate pre-petition transactions going back years before the filing of the involuntary petition. For example, the Interim Trustee justifies his examination of Tutor to assist him in investigating the following:

- What happened to the assets (including motion picture properties) previously allegedly owned by the Alleged Debtors transferred in 2009 after Tutor no longer had an ownership interest.

- What happened to the proceeds of allegedly loans by Zwirn and its co-lenders to or for the benefit of the Alleged Debtors while they were co-owned by Bergstein and Tutor.

BN 6574180v1      1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**RONALD TUTOR AND LAAC'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER CONCERNING 2004 EXAMINATION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

- What happened to tens of millions of dollars of funds that flowed to and from the Alleged Debtors and bank accounts at BofA and Comerica including client a client trust account of Tregub.

Opposition 2:3-8.  None of these purported issues for investigation has anything to do with preserving the assets of the Alleged Debtors that existed at the time the involuntary petition was filed in March 2010, or any conduct of the Alleged Debtors in the interim.

As is conceded by the Interim Trustee, Tutor's ownership interest in any of the Alleged Debtors ended in January 2009, more than a year before the involuntary petition was filed. Acknowledging that there is no basis for the Interim Trustee to believe that Tutor has relevant knowledge of the current assets of the Alleged Debtors, the Interim Trustee argues that Tutor has historical knowledge.  However, as discussed above, historical knowledge of the Alleged Debtors is irrelevant.

The Court should instruct the Interim Trustee concerning the scope of his duties in this involuntary case.  This is not intended as a "free for all" investigation in which the Interim Trustee can waste time and money looking into matters that have nothing to do with the Court's decision concerning the involuntary petition or preserving the Alleged Debtors' assets.  The subjects that the Interim Trustee has identified for Tutor's examination have nothing to do with his legitimate duties. Accordingly, the Court should deny the Interim Trustee's request for a 2004 examination of Tutor and enter a corresponding protective order preventing the Interim Trustee from further harassing Tutor and sustaining the objections to the production of documents.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 6574180v1    2

**RONALD TUTOR AND LAAC'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER CONCERNING 2004 EXAMINATION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

## II. THE INTERIM TRUSTEE CONCEDES THAT TUTOR'S OWNERSHIP INTEREST IN THE ALLEGED DEBTORS ENDED IN JANUARY 2009 AND HE WANTS TO EXAMINE TUTOR ABOUT TRANSACTIONS THAT CLOSED LONG BEFORE THE PETITION WAS FILED

Unless the Court is prepared to order that the Interim Trustee is free to investigate all of the historical business dealings of the Alleged Debtors, going back three years before the filing of the involuntary petition, the Interim Trustee's basis for examining Tutor must be rejected. The Interim Trustee makes clear that the reason he wants to examine Tutor is to learn more about Tutor's historical knowledge of the Alleged Debtors, not anything relating to the financial condition as of the filing or the involuntary petition in March 2010. Opposition 26:3-11. The Interim Trustee concedes that Tutor's ownership interest in the Alleged Debtors ended in January 2009. Opposition 25:7-11. Similarly, the alleged guaranty that the Interim Trustee argues establishes Tutor has some knowledge of the Alleged Debtors assets relates to a loan from 2007 and the guaranty was signed in February 2008 has no relevance to the Alleged Debtors' current assets. Opposition 25:12-14; RJN, Gumport Decl. Ex. X. There is no legitimate basis for examining Tutor concerning historical transactions occurring long before the involuntary petition was filed.

Moreover, the Interim Trustee asserts there is no evidence that Tutor lacks current financial information. The Interim Trustee is again incorrect. There is ample evidence that Tutor has no relevant information found in the declarations submitted with the original motion for 2004 examination. Mr. Turner declared that was the accountant for the Alleged Debtors working for Bergstein. RJN Ex 1, ¶ 2. Mr. Turner testified that the individual with knowledge of the Alleged Debtors books was Bergstein. He never mentions Tutor. RJN Ex. 1, ¶¶ 1-10. Similarly, Mr. Gertz was the Chief Operating Office from September 2009 until January 2010. RJN Ex. 2, ¶¶ 1-13. Mr. Gertz testified that Mr. Bergstein has all of the accounting information. RJN Ex. 2, ¶ 4. In addition, the declaration of Mr. Gaul is filled with information showing that Bergstein and not Tutor is the source of relevant information. RJN Ex. 4. With all of these declarations in the record demonstrating that Mr. Bergstein was the sole person with current financial information, it

BN 6574180v1   3

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

RONALD TUTOR AND LAAC'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER CONCERNING 2004 EXAMINATION AND REQUEST FOR PRODUCTION OF DOCUMENTS

is unclear how the Interim Trustee could in good faith argue that more evidence of Tutor's lack of knowledge is needed.

The Interim Trustee is not entitled to examine Tutor concerning historical transactions. Moreover, the uncontroverted evidence shows that Tutor has no information concerning the current financial affairs of the Alleged Debtors. Accordingly, there is no basis for a 2004 examination of Tutor.

### III. THE INTERIM TRUSTEE CANNOT JUSTIFY OBTAINING DOCUMENTS REGARDING THE BUSINESS DEALINGS OF THIRD PARTIES UTILIZING POORLY DRAFTED AND OVERLY BROAD REQUESTS

The Interim Trustee is not entitled to obtain documents regarding the business dealings of third parties that have nothing to do with the Alleged Debtors. The Interim Trustee's vaguely worded document requests would capture third party documents merely because they refer to one of the Alleged Debtors, even if the Alleged Debtor were a passing reference. Indeed, Tutor explained category by category of the document requests why the categories described sought would include documents that have nothing to do with this involuntary bankruptcy case. Motion, pp. 5-6. In response, the Interim Trustee merely states that "given the admittedly convoluted structure of the Bergstein-Tutor motion picture business, without those documents, it will be difficult, if not impossible, to determine the structure of or financial relationships among the Alleged Debtors and their affiliates." Opposition 26:26 – 27:2.

The Interim Trustee again demonstrates an apparent misunderstanding of his role. The only entities that are the subject of the involuntary petition are the Alleged Debtors. All of the information about their intercompany dealings is available from them. To the extent there is justification for obtaining documents from third parties about specific transactions affecting the Alleged Debtors, the Interim Trustee should specifically describe those documents.

Purported "affiliates'" separate business dealings have nothing to do with this involuntary case. For example, the Interim Trustee seeks information concerning how much the purported "affiliates" earn as well as their articles of incorporation and other formation documentation are not relevant to the Court's decision in an involuntary bankruptcy case. No explanation of the

BN 6574180v1    4

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**RONALD TUTOR AND LAAC'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER CONCERNING 2004 EXAMINATION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

1  relevance of these documents is provided.  Similarly, in response to Tutor's objection to a request
2  for every document between Tutor and Zwirn that makes any reference to the Alleged Debtors –
3  regardless of whether the document is in any way relevant to the Alleged Debtors other than a
4  name appears somewhere in the document – the Interim Trustee simply concludes it is relevant
5  without further explanation.  Opposition 27:4-6.

6        The Interim Trustee cannot simply label companies "affiliates" and expect that he is
7  entitled to examine all of their books and records.  The requests are vastly overly broad and
8  amount to a wholesale search of the business records of the alleged "affiliates'" documents
9  including those which have nothing to do with safeguarding the Alleged Debtors' assets.  It is a
10 fishing expedition that the Interim Trustee seeks to undertake before this Court ever even rules on
11 the issue of relief.  If the Interim Trustee has a legitimate basis for obtaining third party
12 documents, he should be ordered to set forth the transactions at issue, why such transactions are
13 relevant to this stage of the case, and seek documents using properly tailored requests.

### IV.   CONCLUSION

The Court should deny the Interim Trustee's request for a Rule 2004 examination of Tutor.  In addition, the Court should sustain the objections to all of the document requests on the grounds that the Interim Trustee has failed to make any showing that such documents are relevant to the issues presented in this involuntary bankruptcy case.  Finally, the Court should enter an order protecting Tutor from further harassment from the Interim Trustee by clearly defining the Interim Trustee's role pending a decision by the Court concerning the involuntary petition.

DATED: July 13, 2010                        BUCHALTER NEMER
                                                A Professional Corporation


By: /s/ *Jeffrey K. Garfinkle*
       JEFFREY K. GARFINKLE
       Attorneys for Movants
RONALD N. TUTOR and LIBRARY ASSET
ACQUISITION COMPANY, LTD

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 6574180v1      5

**RONALD TUTOR AND LAAC'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER CONCERNING 2004 EXAMINATION AND REQUEST FOR PRODUCTION OF DOCUMENTS**