LEONARD L. GUMPORT (Bar No. 86935)
lgumport@gumportlaw.com
ANDREW S. ROTTER (Bar No. 86725)
arotter@gumportlaw.com
PETER J. MASTAN (Bar No. 190250)
pmastan@gumportlaw.com
GUMPORT | MASTAN
550 South Hope Street, Suite 825
Los Angeles, California 90071-2627
Telephone: (213) 452-4900
Facsimile: (213) 623-3302

Attorneys for Ronald L. Durkin,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re | Bk. No. 2:10-bk-19912-BR |
|---|---|
| THINKFILM, LLC,<br><br>Debtor. | CHAPTER 11<br><br>EVIDENTIARY OBJECTIONS OF TRUSTEE IN RESPONSE TO MOTION OF LIBRARY ASSET ACQUISITION COMPANY LTD. FOR RELIEF FROM AUTOMATIC STAY<br><br>[Identical papers are filed in ThinkFilm and CT-1 Holdings cases.]<br><br>[Filed under separate covers are memorandum of points and authorities and request to take judicial notice.]<br><br>DATE:    October 26, 2010<br>TIME:    2:00 P.M.<br>PLACE:   Courtroom 1668<br>         [Hon. Barry Russell] |

///
///
///
///
///

**EVIDENTIARY OBJECTIONS OF TRUSTEE**

## I. INTRODUCTION

These evidentiary objections are submitted in response to the stay relief motion ("Motion") filed on October 1, 2010, by Library Asset Acquisition Co., Ltd. ("LAAC"). These objections are submitted by Ronald L. Durkin in his capacity as trustee ("Trustee") of the bankruptcy estates of the debtors ("Debtors") in five bankruptcy cases (the "Bankruptcy Cases"). The Involuntary Cases are: (1) *In re R2D2, LLC*, Bk. Case No. 2:10-bk-19924-BR; (2) *In re ThinkFilm, LLC*, Bk. No. 2:10-19912-BR; (3) *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; (4) *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and (5) *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR.

## II. SUMMARY OF LAAC'S EVIDENCE: THE WARSHAWKSY DECLARATION

LAAC's Motion seeks to enforce insider transactions involving David R. Bergstein and Ronald N. Tutor. Both of them, however, are silent: They submit no declarations. They do not even attempt to explain under oath LAAC's dealings with the Debtors.

LAAC's sole declarant is Evan Warshawsky ("Warshawsky"). His declaration is unsworn. His declaration reveals that LAAC hired him sometime during the past thirty days, shortly before he signed his declaration. Warshawsky purports to be a CPA, and does not allege that he is an attorney or an expert in copyright security interests.

Warshawsky discloses that his intermittent dealings with Bergstein go back to December 2008, but he purports to describe loan transactions that took place prior to December 2008.

## III. THE WARSHAWSKY DECLARATION IS FRIVOLOUS

. The Motion is not supported by any admissible evidence. The purported evidentiary support for the Motion consists of: (1) a stack of exhibits that are purportedly authenticated by the declaration of Warshawsky and (2) Warshawsky's declaration. The Motion was a Friday-night filing done to harass the Trustee shortly before he became the permanent trustee.

**Objection No. 1:** Warshawsky's declaration is not under oath. Where an oath should appear, his declaration ends with this paragraph: "This declaration was made on October 1,

2010 in the County of Los Angeles, State of California." [Warshawsky Decl., p. 16:4-5.] The declaration therefore flunks the basic requirement that the witness swear to tell the truth. *See* Fed.R.Evid. 603; 28 U.S.C. § 1746. Alleging the date and place of the signing of a declaration does not constitute an oath. The voluminous Motion is, as a result, entirely unsupported, as are the exhibits attached to the declaration. LAAC short not be permitted to use reply declarations to sandbag the Trustee, especially when there was no legitimate reason why Messrs. Bergstein and Tutor failed to provide declarations.

**Objection No. 2:** The Warshawsky declaration does not have an adequate foundation in that it fails to show the requisite personal knowledge. *See* Fed.R.Evid. 602. Paragraph 1 of Warshawsky's declaration states that his knowledge derives from looking at LAAC's books and records. Without more, that does not show personal knowledge of anything; anyone can look at unspecified books and records without having personal knowledge of their allegations or authenticity. Further, ¶ 5 of Warshawsky's declaration shows that his role as a custodian of LAAC's records derives from his having been hired last month as a consultant.

Further, ¶¶ 2-5 of Warshawsky's declaration reflects that the time-span of his personal involvement with LAAC and Bergstein's companies is December 2008 through 2010. Despite this 2008-2010 time-span, ¶ 7 of Warshawsky's declaration purports to describe events that occurred prior to December 2008. Although Warshawsky had no involvement with Bergstein or LAAC prior to December 2008, Warshawsky attempts to describe events that happened during 2007 (Warshawsky Decl., ¶¶ 9-10, 38), during March-July 2008 (*id.*, ¶ 12), and at unspecified times that appear to be located sometime between March 2007 and July 2008 (*id.*, ¶ 11). Warshawsky does not have personal knowledge of any of the events that occurred prior to December 2008, which was when all the subject loans were made.

**Objection No. 3:** Warshawsky does not qualify as an expert on security interests. He (allegedly) has a CPA. That license (assuming he has it) does not give him the requisite legal expertise to state the priority and validity of LAAC's purported liens. He fails top have the requisite expertise to give his opinions on those subjects, and his lay opinions as a recent accountant-employee of LAAC are neither probative nor reliable. *See* Fed.R.Evid. 701-702.

1     Specifically, Warshawsky's purported CPA license (whatever its status) does not
2 qualify him to testify about his inadmissible legal opinion that the "security interests" LAAC
3 seeks to enforce were "perfected" (Warshawsky Decl., ¶ 14), or that "LAAC holds a first
4 priority security interest" against Thinkfilm and CT1 (*id.*, ¶ 44).

5     Nor does Warshawsky's purported CPA license qualify him to testify that "CT1 serves
6 in a fiduciary, sales agency capacity as to TFC . . . ." (Warshawsky Decl., ¶ 16.) Nor is he
7 qualified to state his opinion that a document means that a loan was "no longer cross-
8 collateralized or integrated," or the effect of releasing guarantors from "*in personam* liability
9 under the operative ThinkFilm loan documents." (*Id.*, ¶ 24; *see also* ¶ 35.)

10     **Objection No. 4:** Warshawsky's declaration repeatedly seeks to restate and
11 paraphrase the contents of documents, when the documents (properly authenticated) are the
12 evidence of their contents. As stated, Warshawsky fails even to authenticate the documents
13 attached to his declaration, because he lacks personal knowledge and his declaration is not
14 under oath. (Warshawsky Decl., ¶¶ 17-18, 26, 46.)

15     **Objection No. 5:** Viewed as a whole, and in the context of the glaring silence of
16 Bergstein and Tutor, the declaration of Warshawsky is what Fed.R.Evid. 403 categorizes as a
17 "waste of time." That was apparently was LAAC's goal, however: to waste the time of the
18 Court, the Trustee, and the estates responding to a Motion that was filed merely to obstruct.

19 **III. CONCLUSION**

20     The Warshawsky declaration never should have been filed. It cannot be fixed in a
21 reply brief given its many inadequacies and the silence of LAAC's principals.

22 Dated: October 12, 2010                             Respectfully submitted,

23                                           GUMPORT | MASTAN

24
25                                           By: _____
                                                Leonard L. Gumport
26                                           Attorneys for Ronald L. Durkin,
                                          Trustee
27
28

| In re: THINKFILM, LLC, | CHAPTER: 11 |
|---|---|
| Alleged Debtor(s). | CASE NUMBER: 2:10-bk-19912-BR |

* **NOTE:** When using this form to indicate service of a proposed order, **DO NOT** LIST ANY PERSON OR ENTITY IN Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Gumport | Mastan, 550 S. Hope Street, Suite 825, Los Angeles, CA 90071

A true and correct copy of the foregoing document described as: **EVIDENTIARY OBJECTIONS OF TRUSTEE IN RESPONSE TO MOTION OF LIBRARY ASSET ACQUISITION COMPANY LTD. FOR RELIEF FROM AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(S) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 12, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

                            **X**  Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **October 12, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

                            **X**  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows:. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

                           ___  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 12, 2010 | TRAVIS MICHAEL TERRY | /s/ Travis Michael Terry |
|---|---|---|
| Date | Type name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                               **F 9013-3.1**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

| | |
|---|---|
| David E Ahdoot | dahdoot@bushgottlieb.com, tjimines@bushgottlieb.com |
| Steven A Alpert | cacbefile@pricelawgroup.com |
| Todd M Arnold | tma@lnbrb.com |
| David M Bass | dbass@basslawla.com |
| Hartford O Brown | hbrown@klinedinstlaw.com |
| John P Byrne | John.Byrne@byrnelaw.biz |
| Sara Chenetz | chenetz@blankrome.com |
| Russell Clementson | russell.clementson@usdoj.gov |
| Joseph A Eisenberg | jae@jmbm.com |
| Jeffrey K Garfinkle | bkgroup@buchalter.com, jgarfinkle@buchalter.com |
| Philip A Gasteier | pag@lnbrb.com |
| Thomas M Geher | tmg@jmbm.com |
| Irving M Gross | img@lnbrb.com, angela@lnbrb.com |
| Leonard L Gumport | lgumport@gumportlaw.com |
| Michael C Heinrichs | mheinrichs@omm.com |
| Joseph A Kohanski | jkohanski@bushgottlieb.com, tjimines@bushgottlieb.com |
| Jeffrey A Krieger | jkrieger@ggfirm.com |
| Richard Levy | rlevy@pryorcashman.com |
| Richard Levy | rlevy@pryorcashman.com |
| Michael S Lurey | michael.lurey@lw.com, colleen.rico@lw.com |
| Michael L Martucci | Michael@radlegal.com |
| Peter J Mastan | pmastan@grlegal.com |
| Hayes F Michel | hmichel@bakerlaw.com |
| David L. Neale | dln@lnbrb.com |
| Timothy R Pomeroy | tpomeroy@klinedinstlaw.com |
| Vince Ravine | vince@vravinelaw.com, melissa@vravinelaw.com |
| Andrew S. Rotter | arotter@gumportlaw.com |
| Mark M Sharf | mark@sharflaw.com, msharf00@gmail.com |
| Adam M Starr | starra@gtlaw.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| David Weinstein | david.weinstein@hro.com |
| Sharon Z Weiss | sharon.weiss@hro.com |
| Joseph M Welch | jwelch@buchalter.com |

**SERVED BY EXPRESS MAIL**

**INTERIM TRUSTEE**
Ronald L. Durkin, CPA
Durkin Forensic Incorporated
601 S. Figueroa Street, Suite 2080
Los Angeles, CA 90017

**OFFICE OF THE U.S. TRUSTEE**
Russell Clementson, Esq.
Office of the U.S. Trustee
Ernst & Young Plaza
725 South Figueroa Street, 26th Floor
Los Angeles, CA 90017

**SERVED BY FEDERAL EXPRESS**

**UNITED STATES BANKRUPTCY COURT**
Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Bldg. and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                        F 9013-3.1