LEONARD L. GUMPORT (Bar No. 86935)
*lgumport@gumportlaw.com*
ANDREW S. ROTTER (Bar No. 86725)
*arotter@gumportlaw.com*
PETER J. MASTAN (Bar No. 190250)
*pmastan@gumportlaw.com*
GUMPORT | MASTAN
550 South Hope Street, Suite 825
Los Angeles, California 90071-2627
Telephone: (213) 452-4900
Facsimile: (213) 623-3302

Attorneys for Ronald L. Durkin,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re | Bk. No. 2:10-bk-19912-BR |
|---|---|
| THINKFILM, LLC, | CHAPTER 11 |
| Debtor. | NOTICE OF MOTION AND MOTION PURSUANT TO FRBP 2004 AND L.B.R. 2004-1 FOR AN ORDER FOR THE PRODUCTION OF DOCUMENTS BY AND EXAMINATION UNDER OATH OF WARNER BROTHERS ENTERTAINMENT, INC., FOR ITSELF, ITS PREDECESSORS IN INTEREST, AND DIVISIONS; DECLARATIONS OF LEONARD L. GUMPORT AND PETER J. MASTAN; AND EXHIBITS |
|  | [Request To Take Judicial Notice and Exhibits previously filed on May 25, 2010; and Notice of Filing Motion concurrently filed under separate cover.] |
|  | [No hearing is requested or required.] |

# NOTICE OF MOTION AND MOTION

TO: WARNER BROTHERS ENTERTAINMENT, INC. (FOR ITSELF, ITS PREDECESSORS IN INTEREST, AND DIVISIONS); THE DEBTORS; THE OFFICE OF THE UNITED STATES TRUSTEE; PETITIONING CREDITORS; THOSE PERSONS AND ENTITIES THAT HAVE REQUESTED SPECIAL NOTICE; AND THEIR RESPECTIVE ATTORNEYS OF RECORD, IF ANY:

**NOTICE IS HEREBY GIVEN** that, pursuant to Fed.R.Bankr.P. 2004 and L.B.R. 2004-1, this motion (the "Motion") to require the production of documents by and the examination under oath of Warner Brothers Entertainment, Inc. (for itself, its predecessors in interest - including without limitation Time Warner Entertainment Company, L.P. and Warner Brothers Pictures, Inc. - and its divisions) ("Warner Bros.") is made by Ronald L. Durkin, the chapter 11 trustee (the "Trustee") of the bankruptcy estates of the Debtors in the following bankruptcy cases (the "Cases"):  **(1)** *In re R2D2, LLC*, Bk. Case No. 2:10-bk-19924-BR; **(2)** *In re ThinkFilm, LLC*, Bk. No. 2:10-19912-BR; **(3)** *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; **(4)** *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and **(5)** *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR.

**NOTICE IS FURTHER GIVEN** that, by the Motion, and substantially identical motions in each of the other Cases, the Trustee seeks an Order which provides that:

**A.**   All documents and things produced and testimony given by Warner Bros. pursuant to the Order are subject to the terms of the "Confidentiality Order re Testimony and Records Provided to the Interim Trustee Pursuant to Rulings on Motions Heard on July 20, 2010" (the "Confidentiality Order"), as subsequently amended or modified, which was entered in each of the Cases on July 23, 2010, and constitute "Confidential Information" as defined in ¶ 1 of the Confidentiality Order.

**B.**   Warner Bros. shall produce for inspection and copying by the Trustee the documents and things described in **Exhibit A** at 10:00 a.m. on March 1, 2011, at the offices of Gumport | Mastan, 550 S. Hope Street, Suite 825, Los Angeles, CA 90071.

///

**C.** Warner Bros. shall appear for and submit to a sworn examination by the Trustee pursuant to Fed.R.Bankr.P. 2004 and L.B.R. 2004-1 at the offices of Gumport | Mastan, 550 S. Hope Street, Suite 825, Los Angeles, CA 90071. The examination will take place before a notary public or some other person authorized to administer oaths. Unless the Trustee and Warner Bros. agree otherwise, the examination shall take place on March 8, 2011 beginning at 10:00 a.m. Warner Bros. shall designate to appear and be examined under oath their officers, directors, or managing agents, or other persons who consent to testify on its behalf, who are most knowledgeable about the following:

   **1.** Warner Bros.' search for and production of documents identified in **Exhibit A** hereto, including (a) the completeness of that production, (b) the creation, maintenance and authenticity of those documents, and (c) the source of those documents (e.g., from where Warner Bros. obtained those documents).

   **2.** The business relationship between Warner Bros. and any of the following: (a) R2D2, LLC, (b) Thinkfilm, LLC, (c) CT-1 Holdings, LLC, (d) CapCo Group, LLC, (e) Capitol Films Development, LLC, (f) Pangea Media Group, LLC, (g) FPLAC, LLC, (h) Franchise Pictures, LLC, (i) TFC Library, LLC, and (j) Library Rights Acquisition Co. (collectively, the "Debtor Related Entities").

   **3.** The existence of, and the terms of, any agreement (an "Operative Agreement") that was made, or was in existence, at any time during March 17, 2006 through present to which Warner Bros. is/was a party and either (a) to which any of the Debtor Related Entities was a party, or (b) pursuant to which any of the Debtor Related Entities was to receive payment.

   **4.** Payments made by and obligations owed by Warner Bros. to the Debtor Related Entities, or any of them, at any time during March 17, 2006 through present.

    **5.**    The assignment of any rights by the Debtor Related Entities, or any of them, under any Operative Agreement.

    **6.**    Instructions received by Warner Bros. to change the person, entity, or account to which payments under an Operative Agreement are to be sent, including irrevocable directions to pay.

    **7.**    Payments made by and obligations owed by Warner Bros. pursuant to any Operative Agreement at any time during March 17, 2006 through present.

**D.**    David R. Bergstein, Ronald N. Tutor, the Debtors, and their respective counsel shall be entitled to attend and participate in the examination.

**E.**    Any valid claim of privilege not previously waived and/or any objection based on undue burden and oppression may be asserted on the record (or in writing) at the time of the examination. Any such claim and/or objection shall not be grounds for failing or refusing: **(1)** to attend the examination and testify with respect to non-privileged matters within the scope of the examination, or **(2)** to produce non-privileged documents that can be produced without undue burden and oppression.

**F.**    The Court has not authorized the Trustee to waive the attorney-client and work-product privileges of the Debtors, so that any claim that their has been a waiver of the attorney-client or work product privileges of the Debtors, or any of them, shall be based on grounds other than that the Court has authorized the Trustee to make such a waiver.

**NOTICE IS FURTHER GIVEN** that the business address for Warner Bros. is 4000 Warner Blvd., Burbank, CA 91522 with a general telephone number of (818) 954-1744. Warner Bros.' registered agent is CT Corporation System, 818 W. 7th Street, Los Angeles, CA 90017. The Trustee does not know of a "residence" address for Warner Bros.

**NOTICE IS FURTHER GIVEN** that the Motion is based on this Notice of Motion; the attached Memorandum of Points and Authorities, Declarations of Leonard L. Gumport and Peter J. Mastan, and Exhibits; the concurrently filed Notice of Filing Motion; the Request To

1  Take Judicial Notice and exhibits filed on May 25, 2010; and the pleadings and records on file
2  in each of the Cases, of which the Court is requested to take judicial notice.

3  **NOTICE IS FURTHER GIVEN** that the Motion is made on the grounds that: **(1)** the
4  requested examination and documents will aid the Trustee in ascertaining and protecting the
5  assets and records of the Debtors, all of whom are affiliated entities that are managed and/or
6  controlled by David R. Bergstein; **(2)** pursuant to L.B.R. 2004-1(a), the Trustee's counsel has
7  attempted to meet and confer with Rifkin regarding this Rule 2004 examination and production
8  of documents; and **(3)** this matter cannot proceed under Fed.R.Bankr.P. 7030 or 9014 because
9  there is no pending adversary proceeding or contested matter to which the Trustee is a party
10 and this discovery would be relevant.

11 **NOTICE IS FURTHER GIVEN** that the Motion is being filed with the Court at the
12 address set forth below and is available for public inspection. Any party-in-interest may obtain
13 a complete copy of the Motion, including the Memorandum of Points and Authorities,
14 Declarations of Leonard L. Gumport and Peter J. Mastan, and exhibits; the concurrently filed
15 Notice of Filing of Motion; the May 25 Request To Take Judicial Notice and exhibits, at that
16 party's own expense from the Court's file or by contacting Mr. Travis M. Terry ("Terry") at
17 Gumport | Mastan, 550 South Hope Street, Suite 825, Los Angeles, California 90071; 213-452-
18 4900; or *travis@gumportlaw.com*.

19 **NOTICE IS FURTHER GIVEN** that, by contacting Mr. Terry, any party-in-interest
20 may also request a computer-imaged copy of the Motion by email provided that the request
21 includes a return email address and the requesting party's full name and mailing address.

22 **NOTICE IS FURTHER GIVEN** that a motion for a protective order may be filed if
23 grounds therefor exist under Fed.R.Bankr.P. 7026 and Fed.R.Civ.P. 26(c). **Pursuant to the**
24 **Court's instruction: a formal motion for a protective order, if any, must be filed and**
25 **served on regular notice at least 21 days before the date set for the hearing.** Such a
26 motion for a protective order must be filed with the Court and served on the Trustee and the
27 Office of the United States Trustee as follows:
28 / / /

| | | |
|---|---|---|
| 1 | **For Filing with the Court:** <br> Clerk's Office | **For Service on the U.S. Trustee:** <br> c/o Russell Clementson, Esq. |
| 2 | United States Bankruptcy Court | Office of the United States Trustee |
| | 255 East Temple Street | 725 South Figueroa Street, Suite 2600 |
| 3 | Los Angeles, California 90012 | Los Angeles, California 90017 |
| 4 | **For Service on the Trustee:** | |
| | Ronald L. Durkin, Trustee | |
| 5 | c/o Peter J. Mastan, Esq. | |
| | Gumport | Mastan | |
| 6 | 550 South Hope Street, Suite 825 | |
| | Los Angeles, California 90071 | |

**NOTICE IS FURTHER GIVEN** that failure to timely file and serve the motion for a protective order and to set it for hearing may be regarded by the Court as consent to granting the Motion and as a waiver of any basis for a protective order.

DATED: February 7, 2011

Respectfully submitted,

GUMPORT | MASTAN

By: /s/ Peter J. Mastan
Peter J. Mastan
Attorneys for Ronald L. Durkin, Chapter 11 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Memorandum of Points and Authorities is submitted by the Trustee in support of his motion (the "Motion") for a Fed.R.Bankr.P. 2004 order to require the production of documents by and the examination under oath of Warner Brothers Entertainment, Inc. ("Warner Bros."), for itself, its predecessors in interest (including without limitation Time Warner Entertainment Company, L.P. and Warner Brothers Pictures, Inc.), and its divisions.

The Trustee is Ronald L. Durkin, who is the chapter 11 trustee of the bankruptcy estates (the "Estates") of the debtors (the "Debtors") in the following bankruptcy cases (the "Cases"): **(1)** *In re R2D2, LLC*, Bk. Case No. 2:10-bk-19924-BR; **(2)** *In re ThinkFilm, LLC*, Bk. No. 2:10-19912-BR; **(3)** *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; **(4)** *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and **(5)** *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR.

The Debtors are five affiliated companies that were directly or indirectly co-owned by David R. Bergstein ("Bergstein") and Ronald N. Tutor ("Tutor") from November 2002 until at least January 2009, and thereafter purportedly directly or indirectly wholly-owned by Bergstein. The names of the Debtors are: **(1)** R2D2 LLC ("R2D2"), **(2)** CT1 Holdings LLC ("CT1"), **(3)** Capco Group LLC ("Capco"), **(4)** Capitol Films Development LLC ("CFD") and **(5)** ThinkFilm LLC ("ThinkFilm").

The Motion is based on the attached Declarations of Leonard L. Gumport and Peter J. Mastan and Exhibits, and the Request To Take Judicial Notice filed on May 25, 2010 (the "5/25/10 RJN").

## II. FACTS

### A. Bergstein, Tutor, R2D2, and CT1

Beginning in November 2002, Bergstein and Tutor were each 50% owners of R2D2. 5/25/10 RJN, ¶ 8 and Ex. 6 (R2D2 Operating Agreement, pp. 1-2). R2D2 directly or indirectly owns CT1, Capco, CFD, and ThinkFilm; and Bergstein is a manager of R2D2, CT1, Capco Group, and CFD. *Id.*, ¶ 7 and Ex. 5 (3/23/10 Bergstein Decl., ¶ 1); Gumport Decl., ¶ 2.

B. **The Acquisition of the Franchise Pictures Library**

FPLAC, LLC ("FPLAC") is directly or indirectly owned by one or more of the Debtors. Ex. 1. In or about September 2006, FPLAC acquired certain movie rights (the "Franchise Library") through the following bankruptcy cases: *In re Franchise Pictures, LLC et al.*, U.S.B.C. Case No. SV 05-13885-MT and *In re SPE Holding Corp. et al.*, U.S.B.C. Case No. SV 05-5007-MT. *See* Ex. 2.

In connection with at least some of the films in the Franchise Library, Warner Bros. held distribution rights pursuant to which the owner of the films was entitled to compensation from Warner Bros. *See* Ex. 2.

C. **March 17, 2010: Involuntary Bankruptcy Petitions**

On March 17, 2010, creditors filed involuntary bankruptcy petitions under chapter 11 against each of the Debtors. 5/25/10 RJN, ¶ 1.

D. **The Appointment of the Trustee**

On March 18, 2010, the petitioning creditors filed emergency motions for the appointment of a trustee in each of the Cases. 5/25/10 RJN, ¶ 2.

On March 31, 2010, in each Case, the Court ordered the appointment of a trustee. 5/25/10 RJN, ¶ 2. On or about April 9, 2010, the Office of the United States Trustee (the "OUST") filed applications for the Court to approve the appointment of Mr. Durkin as the chapter 11 trustee of each of the Debtors' bankruptcy estates. *Id.* Those applications were granted by orders entered on April 15, 2010. *Id.*

E. **Bergstein's Re-Direction (or Attempted Re-Direction) of Funds From Warner Bros.**

In July 2010, Bergstein, as the "manager" of the Debtors' subsidiary FPLAC and as the "director" of Pangea Media Holdings Limited ("Pangea Limited") signed a "Notice of Assignment and Direction to Pay" in connection with at least seven films instructing Warner Bros. to pay monies due to FPLAC on those seven films not FPLAC, but instead to Pangea Limited. Ex. 2.

/ / /

## III. THE REQUESTED FED.R.BANKR.P. 2004 ORDER SHOULD BE GRANTED

There is good cause to grant the requested Rule 2004 order so that the Trustee can ascertain and safeguard the Debtors' assets and the records of those assets.

Fed.R.Bankr.P. 2004(a) provides: "On motion of any party in interest, the court may order the examination of any entity." Fed.R.Bankr.P. 2004(b) provides that a Rule 2004 examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. . . ." "[I]t is well-settled that Rule 2004 discovery enjoys a broad scope, regardless of any background state law issues." *In re North Plaza*, 395 B.R. 113, 122 (S.D. Cal. 2008). "The scope of a Rule 2004 examination is extremely broad and has often been likened to a lawful 'fishing expedition.'" *In re Lufkin*, 255 B.R. 204, 209 (Bankr. E.D. Tenn. 2000).

"The purpose of a Rule 2004 examination is to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *In re Lufkin*, 255 B.R. at 208. "Rule 2004 may be used to search for assets which have been intentionally or unintentionally concealed." *Id.* (citation omitted); *see In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993) ("The purpose is to allow inquiry in the debtor's acts, conduct or financial affairs so as to discover the existence or location of assets of the estate"). A trustee, whether interim or permanent, would not be able to function if not permitted to obtain Rule 2004 orders requiring persons with knowledge to produce records and testimony concerning the assets to be safeguarded by the trustee.

The Trustee seeks information within the scope of Fed.R.Bankr.P. 2004(b). Among other things, the Trustee is investigating (a) the business relationship, if any, between the Debtors and Warner Bros. and whether any funds are due to the Debtors from Warner Bros., (b) the business relationship between Warner Bros. and FPLAC, a subsidiary of the Debtors, and (c) the apparent redirection (or attempted redirection) by Bergstein of funds due and payable to FPLAC to Pangea Limited of which Bergstein is a "director."

///
///

## IV. ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

As set forth in the attached Declaration of Peter J. Mastan, the Trustee has attempted to meet and confer with Warner Bros. concerning this Rule 2004 motion. Mastan Decl., ¶ 4.

The Trustee's examination of Warner Bros. cannot proceed under Fed.R.Bankr.P. 7030 or 9014 because the Trustee is not a party to any pending adversary proceeding or contested matter in which such discovery would be relevant. Mastan Decl., ¶ 5; *see In re Buick*, 174 B.R. 299, 305 (Bankr. D. Colo. 1994) ("Thus, even after the trustee has commenced adversary proceeding(s), the trustee may conduct Rule 2004 examinations of entities which are not parties to or are not affected by the pending adversary proceeding(s)").

Warner Bros.' business address is 4000 Warner Blvd., Burbank, California 91522 with a general telephone number of (818) 954-1744. Warner Bros.' registered agent is CT Corporation System, 818 W. 7th Street, Los Angeles, CA 90017. The Trustee is not aware of a telephone number or "residence" address for Warner Bros. Mastan Decl., ¶ 6.

As required by L.B.R. 2004-1(c), a copy of the Motion and its supporting papers were duly served as reflected by the proofs of service and the concurrently filed Notice of filing the Motion.

## V. CONCLUSION

For the reasons set forth above, the Court should grant the relief specified in the Notice of the Motion.

DATED: February 7, 2011

Respectfully submitted,

GUMPORT | MASTAN

By: _____
Peter J. Mastan
Attorneys Ronald L. Durkin,
Chapter 11 Trustee

## DECLARATION OF LEONARD L. GUMPORT

I, LEONARD L. GUMPORT, state:

**1.**  I am a partner in the law firm of Gumport | Mastan, interim counsel to Ronald L. Durkin ("Mr. Durkin" or the "Trustee") in his capacity as the trustee of the debtors (the "Debtors") in the following bankruptcy cases (the "Cases"):  **(1)** *In re R2D2, LLC*, Bk. Case No. 2:10-bk-19924-BR; **(2)** *In re ThinkFilm, LLC*, Bk. No. 2:10-19912-BR; **(3)** *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; **(4)** *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and **(5)** *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR.  At Mr. Durkin's request, I began working on the Cases on or about April 9, 2010.  As such, I have personal knowledge of the facts stated in this declaration; and if called as a witness, I could and would competently testify thereto under oath.

**2.**  In April 2010, I, along with the Trustee and others, met with David Bergstein at his offices in West Los Angeles.  In that April 2010 meeting, Mr. Bergstein generally described the ownership structure of the Debtors.  According to Mr. Bergstein, R2D2 directly or indirectly owns CT1, CapCo, CFD, and ThinkFilm.  **Exhibit 1** is a photograph provided to me by the Trustee's office.  It accurately reflects a drawing made by Mr. Bergstein at the April 2010 meeting that I attended in which Mr. Bergstein purported to outline the ownership structure of the Debtors.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 7, 2011 at Los Angeles, California.

_____
LEONARD L. GUMPORT

# DECLARATION OF PETER J. MASTAN

I, PETER J. MASTAN, declare:

**1.** I am an attorney admitted to practice before this Court and I am a partner in Gumport | Mastan, counsel to Ronald L. Durkin in his capacity as chapter 11 trustee (the "Trustee") of the debtors (the "Debtors") in the following bankruptcy cases (the "Cases"): **(1)** *In re R2D2, LLC*, Bk. Case No. 2:10-bk-19924-BR; **(2)** *In re ThinkFilm, LLC*, Bk. No. 2:10-19912-BR; **(3)** *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; **(4)** *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and **(5)** *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR. As such, I have personal knowledge of the facts set forth below and could and would testify thereto if requested to do so.

**2.** I make this declaration in support of the Trustee's Fed.R.Bankr.P. 2004 motion directed to Warner Brothers Entertainment, Inc. ("Warner Bros.").

**3.** **Exhibit 2** includes seven documents dated July 14, 2010 entitled "Notice of Assignment and Direction to Pay" that were provided to me by Warner Bros.

**4.** In compliance with Local Bankruptcy Rule 2004-1(a), and as reflected in part by the email correspondence attached as **Exhibit 3** which took place between me and Wayne Smith, Esq., who I understand to be an attorney with Warner Bros., I have attempted to meet and confer with Warner Bros. prior to filing this motion. In addition to email correspondence, Mr. Smith and I have discussed the examination at least twice by telephone. In a telephone conversation that took place on January 31, 2011, Mr. Smith told me that "Warner Brothers Entertainment, Inc." and its divisions was the proper entity to which the motion should be directed. On February 1, 2011, I provided a draft of the attached motion to Mr. Smith for his comment prior to its being filed with the Court. Since our telephone conversation on January 31, 2011, I have not heard further from Mr. Smith.

**5.** The Trustee's examination of Warner Bros. cannot proceed under Fed.R.Bankr.P. 7030 or 9014 because the Trustee is not a party to any adversary proceeding or contested matter in which such discovery would be relevant.

F:\CLIENTS\Thinkfilm\Pleadings\WarnerBros.Think.2004.Motion.wpd

**6.** Based upon WestLaw and internet searches performed by my office, I am informed and believe that (a) Warner Bros. business address is 4000 Warner Blvd., Burbank, CA 91522 with a general telephone number of (818) 954-1744, and (b) Warner Bros.' registered agent is CT Corporation System, 818 W. 7th Street, Los Angeles, CA 90017. I am not aware of a "residence" address for Warner Bros.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 7th day of February 2011 at Los Angeles, California.

_____
PETER J. MASTAN

F:\CLIENTS\Thinkfilm\Pleadings\WarnerBros.Think.2004.Motion.wpd